THE CITY OF ROCHESTER, Respondent, *v.* MACAULEY-FIEN
MILLING COMPANY, Appellant.

Smoke ordinance — charter of cities of the second class — power of
common council to enact ordinances for safety and welfare of
inhabitants of such cities and the protection of their property —
validity of municipal ordinance declaring it unlawful to permit
the escape of smoke, discolored by dust, soot and cinders.

The statute (Second Class Cities Law, L. 1898, ch. 182, § 12; re-enacted
in L. 1909, ch. 55, § 30) authorizing the common council to enact ordi-
nances, not inconsistent with law, for the government of the city and
the management of its business, for the preservation of good order,
peace and health, for the safety and welfare of its inhabitants and the
protection and security of their property, confers entire legislative
authority upon the common council in such matters except as limited
by statute, and, unless an ordinance passed by it is wholly arbitrary
and unreasonable, it should be upheld.   The presumption is in favor of
the ordinance.

An ordinance of the city of Rochester declares, among other things, that
it is " unlawful to suffer or permit the escape of smoke from any fire
not in motion or fire banked or in a state of rest, or from any burning
or active fire through a stationary stack, flue or chimney, of a color
darker than said scale [theretofore set out], provided, however, that the
provisions of this ordinance shall not apply to the escape of smoke
from any stationary stack, flue or chimney, for a period of not to exceed
five minutes whenever the successful operation and management of any
fire necessarily requires such escape of smoke, but such escape of
smoke shall not be permitted or allowed for such period of time more
often than once in four consecutive hours."   *Held,* not unreasonable
upon its face or as matter of law.

*City of Rochester* v. *Macauley-Fien Milling Co.*, 130 App. Div. 906, affirmed.

(Argued June 10, 1910;  decided September 27, 1910.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
February 6, 1909, which affirmed a judgment of the Monroe
County Court affirming a judgment in favor of plaintiff
entered upon a decision of the Municipal Court of the city of
Rochester.

The common council of the city of Rochester duly enacted

an ordinance relating to public safety and good order, which, so far as it relates to the defendant, is as follows :

"Section 39. As to Smoke from Chimneys —

"Subdivision (a). Color Scale. — For the purpose of regulating the emission of smoke from chimneys, stacks, flues or open spaces within the City of Rochester, and to determine by comparison the degree of darkness of smoke so emitted, a color scale shall be and the same is hereby adopted as follows :

"A dead white surface of cardboard or other material, not less than sixteen inches in length and in width, shall be divided into squares by straight dead black lines drawn at right angles to one another across said surface. Each of said lines shall be of a uniform width of one-twenty-fourth of an inch and shall be spaced one-quarter of an inch from centers. The color of the above scale when viewed from a distance of not less than one hundred feet in the open air shall be used as a basis of comparison of the color of smoke in the City of Rochester.

"Subdivision (b). Dark Smoke Forbidden. It is forbidden and hereby declared to be unlawful to suffer or permit the escape of smoke from any fire not in motion or fire banked or in a state of rest, or from any burning or active fire through a stationary stack, flue or chimney, of a color darker than said scale, provided, however, that the provisions of this ordinance shall not apply to the escape of smoke from any stationary stack, flue or chimney, for a period of not to exceed five minutes whenever the successful operation and management of any fire necessarily requires such escape of smoke, but such escape of smoke shall not be permitted or allowed for such period of time more often than once in four consecutive hours.   *   *   *

"Subdivision (d). Time Excepted. The provisions of this Section shall not apply between the hours of 5 A. M. and 7:30 A. M.

"Subdivision (e). Special Penalties. Any corporation or person or persons who shall violate any of the provisions of this Section, or shall suffer or permit any of the acts in this Section forbidden or declared to be unlawful, shall be subject

to a penalty of twenty-five dollars for each offense, to be recovered in a civil action by the City of Rochester.

" Subdivision (f). Enforcement. It is hereby made the duty of the Commissioner of Public Safety to enforce the provisions of this Section."

The defendant is a domestic corporation operating ·and conducting a flour mill in said city. After the ordinance quoted became in force as a law of the city, and on November 2, 1906, the defendant continuously between 10:16 A. M. and 11:15 A. M. suffered and permitted the escape of smoke from a stationary smokestack on said flour mill, in violation of said ordinance.

This action was commenced in the Municipal Court of the city of Rochester to recover of the defendant twenty-five dollars, the penalty for such disobedience of said ordinance. Judgment was recovered against the defendant, which has been affirmed by the County Court of the county of Monroe and the Appellate Division of the Supreme Court in the fourth judicial department respectively on appeals to such courts and an appeal is taken by permission from the judgment of the said Appellate Division of the Supreme Court to this court.

*Joseph R. Webster* for appellant. The smoke ordinance is invalid and unconstitutional. (*McCarthy* v. *C. G. Co.*, 189 N. Y. 46; *People* v. *T. D. Co.*, 131 App. Div. 181; *Moses* v. *United States*, 50 L. R. A. 535; *St. Louis* v. *Heitzeberg*, 141 Mo. 375; *St. Paul* v. *Gilfillan*, 36 Minn. 298; *Atlantic City* v. *France*, 70 Atl. Rep. 163; *People* v. *Sturgis*, 121 App. Div. 407; *State* v. *Mott*, 61 Md. 297; *Yates* v. *Milwaukee*, 10 Wall. 497; Wood on Nuisances, 976.) The smoke ordinance is unreasonable and oppressive. (*People* v. *T. D. Co.*, 131 App. Div. 181; *Ford* v. *S. O. Co.*, 32 App. Div. 596; *City of New York* v. *D. D. R. R. Co.*, 133 N. Y. 104; *B. R. R. Co.* v. *City of Brooklyn*, 37 Hun, 413; *Ford* v. *Standard Oil Co.*, 32 App. Div. 596; *People* v. *Jarvis*, 19 App. Div. 466; 17 Am. & Eng. Ency. of Law, 247.)

14

*William W. Webb, Corporation Counsel,* for respondent. The legislature granted to the common council of the city of Rochester ample authority to enact the smoke ordinance. (L. 1898, ch. 182, § 12; *People ex rel. Dunn* v. *Ham,* 166 N. Y. 477; *People ex rel.* v. *Flagg,* 46 N. Y. 404; *Moses* v. *U. S.,* 50 L. R. A. 532; *F. A. C. Co.* v. *City of New York,* 194 N. Y. 19; *People ex rel. W. A. Co.* v. *Murphy,* 195 N. Y. 126; *Cronin* v. *People,* 82 N. Y. 324.) The smoke ordinance of the city of Rochester is a reasonable exercise of its legislative power upon a subject affecting the public health, safety and welfare, and has not deprived the defendant of any of its constitutional rights. (*Tenement House Dept.* v. *Moeschen,* 179 N. Y. 325; *F. A. C. Co.* v. *City of New York,* 194 N. Y. 19; *Slaughter House Cases,* 16 Wall. 36; *St. Paul* v. *Haughbro,* 93 Minn. 59; *Moses* v. *U. S.,* 50 L. R. A. 535; *Field* v. *City of Chicago,* 44 Ill. App. 411; *People* v. *Lewis,* 86 Mich. 273; *Atlantic City* v. *France,* 18 L. R. A. [N. S.] 156.)

CHASE, J.  At the time when this action was commenced Rochester was a city of the second class, governed by the Second Class Cities Law (Chapter 55 of the Laws of 1909), which, so far as we are now concerned, is a re-enactment of chapter 182 of the Laws of 1898. Said act of 1898 was in force when said ordinance was enacted. The common council of the city is vested with legislative power by a provision of the statute as follows: "The legislative power of the city is vested in the common council thereof, and it has authority to enact ordinances, not inconsistent with law, for the government of the city and the management of its business, for the preservation of good order, peace and health, for the safety and welfare of its inhabitants and the protection and security of their property. * * *." (Second Class Cities Law, sec. 30; chap. 182, Laws of 1898, sec. 12.)

This court in *People ex rel. Dunn* v. *Ham* (166 N. Y. 477), in construing the section from which we have quoted, said: " The evident purpose of that section was to confer upon the common council entire legislative authority as to

matters relating to the municipal government, except as limited by that statute and others not inconsistent with its provisions. This is clearly indicated by the act itself, and was plainly avowed by the commission which reported it to the legislature. (Senate Documents, 1896, Vol. 5, No. 24.)" (p. 481.)

The common council is thus the judge as to what ordinances it will pass for the safety and welfare of the inhabitants of the city and the protection and security of their property, and unless an ordinance passed by it is wholly arbitrary and unreasonable it should be upheld. The necessity and advisability of the ordinance is for the legislative power to determine. The presumption is in favor of the ordinance. (*Fifth Ave. Coach Co.* v. *City of New York*, 194 N. Y. 19.)

This court, referring to the police power in *People ex rel. Wineburgh Adv. Co.* v. *Murphy* (195 N. Y. 126), say: "The police power, so difficult to define, but so frequently invoked, is confined to such reasonable restrictions and prohibitions as are necessary to guard public health, morals and safety, and to conserve public peace, order and the general welfare. Regulations and ordinances within such general definition are valid. The city may make and enforce such regulations and ordinances, although they interfere with and restrict the use of private property. Compensation for such interference with and restriction in the use of property is found in the share that the owner enjoys in the common benefit secured to all." (p. 131.)

The emission of smoke from a chimney when it includes dust, soot and cinders to such an extent that it is rendered very dark or black must materially affect the purity of the atmosphere surrounding the place where it is so emitted. The pervading substances in the smoke necessarily darken its color in proportion with the amount thereof. As soon as the impelling force is removed such substances obey the law of gravity and fall upon the adjoining property. In a city or closely populated community where persons and property cannot be removed from the effects of the disagreeable contamination it not only pollutes the air that must be breathed, but it mars

the appearance, destroys the cleanliness, and affects the value of the property within the circle upon which such substances from the smoke so fall. The extent of the injury is a matter to be established by evidence, to include all the facts and circumstances relating to it, although doubtless it is a matter of common knowledge of which the courts may take judicial notice that some injury must result from substance-laden smoke pervading the atmosphere in which persons and property necessarily remain.

The Court of Appeals of the District of Columbia, referring to smoke as a nuisance, say : " Now, whilst the emission of the ordinary smoke from the chimneys of houses does not amount to a nuisance *per se*, it is nevertheless a matter of common knowledge, not to be ignored by the courts, that the emission of a volume of dense, black smoke from a single smokestack or chimney of a large furnace, may, under some circumstances, work physical discomfort to the general public coming within its circle of distribution upon public thoroughfares, and may possibly also work injury to public interests in other respects. Whenever it may become a special source of legal injury to an individual he will have an action of damages therefor, and, in cases of continuation, equity will afford complete relief by process of injunction." (*Moses* v. *U. S.*, 16 App. Cas. D. C. 428 ; 50 L. R. A. 532.)

The courts of this state have frequently exercised their restraining power against persons so using their property as to unreasonably interfere with the property and personal rights of others. (*McCarty* v. *Natural Carbonic Gas Co.*, 189 N. Y. 40 ; *Pritchard* v. *Edison Elec. Ill. Co.*, 179 N. Y. 364 ; *Bly* v. *Edison Elec. Ill. Co.*, 172 N. Y. 1 ; *Garvey* v. *Long Island R. R. Co.*, 159 N. Y. 323 ; *Morton* v. *Mayor, etc., of N. Y.*, 140 N. Y. 207 ; *Bohan* v. *Port Jervis Gas Light Co.*, 122 N. Y. 18 ; *Cogswell* v. *N. Y., N. H. & Hartford R. R. Co.*, 103 N. Y. 10 ; *Campbell* v. *Seaman*, 63 N. Y. 568 ; *Yocum* v. *Hotel St. George Co.*, 18 Abb. [N. C.] 340 ; *Beir* v. *Cooke*, 37 Hun, 38 ; *Hutchins* v. *Smith*, 63 Barb. 251.)

Ordinances relating to the emission of smoke have been

enacted in nearly every city and village. There is a great difference in the smoke, dirt and soot-producing qualities of fuel and in the furnaces where consumed and in the manner of stoking the fires, and as the careless and unrestrained use of some fuels tends to produce and discharge into the atmosphere surrounding the places where such fuels are so carelessly used, dirt and soot-laden smoke that is disagreeable and injurious, the production and discharge of such smoke is a proper subject for reasonable police regulation. If an ordinance so enacted is reasonable, it should be upheld, and if unreasonable, it should be declared inoperative and void.

The Municipal Court by the judgment rendered in this case has, in substance, found that the ordinance is reasonable and enforceable. Such judgment was affirmed by the County Court and it has been unanimously affirmed by the Appellate Division. As a question of fact it is not open for our consideration. It is not unreasonable upon its face or as a matter of law. The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Judgment affirmed.