KATIE C. BROWN, Respondent, v. THE VILLAGE OF OWEGO, Appellant.

Third Department, July 2, 1940.

*Benjamin W. Loring* [*Nathan Turk* of counsel], for the appellant.

*Andrews & Andrews* [*George L. Andrews* of counsel], for the respondent.

CRAPSER, J.   This is an appeal from a declaratory judgment in favor of the plaintiff and against the defendant holding that the zoning ordinance is unconstitutional and void and declaring that the same is confiscatory, arbitrary and unreasonable and constitutes the taking of the plaintiff's property without due process of law and in violation of the provisions of the New York State and Federal Constitutions and that the ordinance, so far as it affects the plaintiff, the character and use of her property, bears no substantial relation to the public health, safety, morals or general welfare, or to any of the purposes to which such ordinance may be adopted as specified in section 175 of the Village Law.

The judgment further decrees that the ordinance is ineffective as restricting the use of the property of the plaintiff or her successors in title and that she or her successors in title may use said property for any purpose for which it may have been used before the passage of the ordinance.

The petition was filed herein in compliance with paragraph B of section 5 of subdivision III of the Zoning Ordinance of the

village of Owego, as provided in the charter of the village on page 166 of said charter. The petition was directed to the board of trustees requesting an amendment or change of the zoning ordinance so as to permit the plaintiff to use her property for the erection of a retail establishment for the sale of automobiles, gasoline, oils and other necessities sold in connection with the business of an automobile service station.

There were petitions filed by residents of the district opposing the change as requested by the plaintiff and a resolution by the board of school commissioners protesting against any change in the zoning ordinance was also filed.

The petitions were referred to the zoning commission to report in compliance with the charter. The board of trustees directed a public hearing to be held on May 1, 1939, and at said hearing the zoning commission presented unanimous opposition to any change in the zoning ordinance. There was one person in favor of the adoption of the amendment and three persons spoke in opposition. After the arguments were closed a vote was taken and the motion to amend the ordinance was lost by a vote of five to one.

The village of Owego is incorporated under a special act of the Legislature. The first charter was embodied in chapter 158 of the Laws of 1827, effective April 4, 1827. In the year 1851 a new charter was passed by the Legislature, chapter 111 of the Laws of 1851. The village is now governed by this charter as amended by various acts passed from time to time. The charter itself or the amendatory acts contain no provision relative to zoning ordinances.

Section 380 of the Village Law provides: " A village incorporated under and subject to a special law, and each officer thereof, possesses all the powers and is subject to all the liabilities and responsibilities conferred or imposed upon a village incorporated under this chapter, or upon an officer thereof, not inconsistent with such special law."

Acting under this section the board of trustees of the village on or about October 4, 1926, adopted an ordinance creating certain building zones and providing certain restrictions and conditions relative to the erection of properties and the occupation of properties in various districts enumerated in the ordinance. The property of the plaintiff is and was included in what is specified as District No. 11 of the zoning ordinance at the corner of Main and McMaster streets and is restricted to residential properties. The ordinance as adopted provided for the appointment of a board of zoning appeals; no such board was ever appointed. A zoning commission was appointed.

Section 175 of the Village Law grants power to villages, for the purpose of promoting the health, safety, morals, or the general welfare of the community, to regulate and restrict the height and size of buildings, structures and land for trade, industry, residences or other purposes. It further provides that a board of appeals may determine and vary their application in harmony with their general purpose and intent and in accordance with the general or specific rules contained therein.

Section 176 of the same law provides that for such purposes the board of trustees may divide the village in districts of such number, shape and area as may be deemed best suited to carry out the proposed act; and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or lands.

Section 177 of the same law provides that such regulations shall be made in accordance with a comprehensive plan, designed to lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration, among other things, as to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality.

Section 179-a of the same law provides that a zoning commission may be appointed and section 179-b provides for a board of appeals.

It is conceded that the original ordinance and the one which affects the property of the plaintiff was prepared, passed and published and became a legal ordinance and, therefore, the presumption is that it was a valid ordinance and constitutional. It has been enforced for many years and has never been questioned. (*City of Rochester* v. *Macauley-Fien M. Co.,* 199 N. Y. 207; *Matter of Stubbe* v. *Adamson,* 220 id. 459; *Euclid* v. *Ambler Co.,* 272 U. S. 365.)

On the contention that an ordinance is in fact unreasonable and void as applied to the property of the plaintiff, the plaintiff has the burden of proof. (*Heimerle* v. *Village of Bronxville,* 168 Misc. 783.)

The plaintiff in this action did not take the steps that she might have taken to secure a variation of the ordinance on the ground that the ordinance created unnecessary hardships to her

particular property but proceeded to commence an action on the ground that the entire ordinance was invalid and unconstitutional. (*Arverne Bay Construction Co.* v. *Thatcher*, 278 N. Y. 222.)

The property of the plaintiff is located upon a street which is part of Route 17, one of the main-traveled thoroughfares of the State of New York, and over which there is continuously passing a vast amount of motor vehicle traffic including heavy freight passage. The village of Owego at one time had a population of 8,000, but it has decreased in population until to-day it is only about 4,700 or 4,800.

The zoning ordinance in question was in accordance with a well-considered plan applying to the entire village; it applied a standard plan by which all similarly situated were assumed to be treated alike.

It is provided in the ordinance: "in a district shown as a residence district on the district map, no business, trade or industry shall be conducted."

Directly across the street from the plaintiff's residence stands the Owego Free Academy where several hundred pupils attend school. The location of a gas station upon the plaintiff's property would increase the already great hazard which the pupils attending this school have to undergo every day.

The photographs in evidence show that surrounding the plaintiff's property are many well-painted, well-kept and pleasant residences. It was reasonable to retain the plaintiff's property in the residential zone in order to protect the children attending the school from an increase in traffic congestion; protection of school children is a matter of public concern and an ordinance which protects them should be liberally construed in favor of the public for whose benefit it is enacted.

The plaintiff complains that no board of appeals has been appointed; in this she is correct, but it has no bearing upon the judgment in question because this is not an attempt to amend a zoning ordinance so as to change the boundary of a residential zoning district but is brought to declare an old zoning ordinance illegal and invalid and, therefore, whether there is a board of appeals or not is not the way that the plaintiff has sought to remedy the difficulty which she seeks to overcome; she has chosen rather to proceed by action. She had the right to determine in what manner she would proceed and having chosen to proceed by action rather than to have attempted to have amended the zoning ordinance so as to have exempted her property she cannot now complain because the village did not appoint a board of appeals. (*Arverne Bay Construction Co.* v. *Thatcher*, 278 N. Y. 222.)

Residential districts into which business must not be entered must have definite boundaries and the Legislature has left to the local authorities the decision of where these boundaries shall be placed " for the purpose of promoting the health, safety, morals, or the general welfare of the community."

" Special hardship to an individual owner must at times be suffered for the general welfare, but neither the Legislature nor the local authorities acting under power delegated by the Legislature, may impose such special hardship unnecessarily and unreasonably. Such special hardship may at times be avoided or mitigated by a special variation of a general zoning regulation." (*Dowsey* v. *Village of Kensington*, 257 N. Y. 221.)

The plaintiff in this case has not seen fit to apply for such variation.

The plaintiff has failed to show that the ordinance was unreasonable or that it caused the plaintiff unreasonable hardship. She has shown that if she could have the ordinance removed she could sell her property for a proposed gas station for much more than it is worth as a residence but that fact does not tend to show that the ordinance is unreasonable; it fails to take into account the danger that such a course would be to the school children attending the public school near by.

The plaintiff offered proof of violations of the zoning ordinance in the whole village. The record is not clear as to how many of these so-called violations existed before the passage of the ordinance. A violation of the ordinance cannot be used by the plaintiff as the basis for finding that the ordinance is invalid as the question is not whether some one else has been favored but whether the petitioner has been illegally oppressed. (*Matter of Joyce* v. *Dobson*, 255 App. Div. 348; *Village of North Pelham* v. *Ohliger*, 216 id. 728; *Kraft* v. *Village of Hastings-on-Hudson*, 258 id. 1060.)

In *Y. W. H. Assn.* v. *Board of Standards & Appeals* (266 N. Y. at p. 276) it is held: " ' The dominant design of any zoning act is to promote the general welfare. * * * The stability of the neighborhood and the protection of property of others in the vicinity are important considerations. The financial situation or pecuniary hardship of a single owner affords no adequate ground for putting forth this extraordinary power affecting other property owners as well as the public.' "

" The financial situation or pecuniary hardship of a single owner does not warrant the exercise of the power thus to affect the property of other owners and the public generally. * * * Classification of property * * * is a matter for legislative rather than judicial action." (*Matter of Ward* v. *Murdock*, 247 App. Div. 808;

*Matter of Stillman* v. *Board of Standards and Appeals,* 222 id. 19; affd., 247 N. Y. 599; *Matter of McIntosh* v. *Johnson,* 211 id. 265.)

Under the circumstances disclosed by the record in this case the court may not substitute its judgment for that of the local legislative body.

The judgment should be reversed.

Bliss and Schenck, JJ., concur; Hill, P. J., and Heffernan, J., dissent and vote to affirm.

This court disapproves of findings of fact Fourth, Fifth, Eighth, Twelfth, Thirteenth, Fourteenth and Sixteenth upon the ground that they are not justified by the evidence and disapproves of the conclusions of law in the said decision.

The court makes the following findings of fact:

*First.* That the plaintiff is the owner of the following described real estate: House and lot known as No. 55 McMaster street and located on the northwest corner of McMaster and Main streets in the village of Owego, Tioga county, N. Y., and being bounded on the northerly side by premises owned and occupied by Jeremiah Towsand; westerly by lands of C. Henry Stevens and Samuel Hunt; southerly by Main street and easterly by McMaster street.

*Second.* That the said premises were located in an unrestricted area, territory or zone until on or about October 4, 1926, when an ordinance known as article V of the charter and ordinances of the defendant, The Village of Owego, and described and called " An Ordinance Relating to Building Zones within the Village of Owego, N. Y." was adopted by the defendant through its duly constituted board of trustees limiting the use of plaintiff's premises exclusively to those permitted in a residential zone.

*Third.* That the defendant, The Village of Owego, is incorporated under a special act of the Legislature and is now governed by a special charter and amendments thereto. That the said charter or amendments contain no provisions relative to zoning ordinances.

*Fourth.* That the said real property owned by the plaintiff is a house and lot situated in the residential section of the village and is on State Highway Route 17 which route is a main arterial highway between the cities of New York and Buffalo and carries an exceedingly heavy vehicular traffic. The house has been built many years and has few modern improvements.

*Fifth.* That the property is near to the Cayuga Division of the Lackawanna Railroad, a chair factory, a gasoline service station, monument works, an automobile storage warehouse, a feed and grain warehouse and sales room, and several tourist homes.

Many of these properties are located in a different zone from the plaintiff's property because they are on a different street.

*Sixth.* That the said ordinance provided for the appointment of a board of zoning appeals, no such board was ever appointed. A zoning commission was appointed and successors to the first commissioners were appointed on September 6, 1938.

*Seventh.* That the ordinance referred to was for the purpose specified in the Village Law of promoting the enactment of ordinances of that nature.

*Eighth.* That the village of Owego has decreased in population and is now and has been since the adoption of the said ordinance less than 5,000 and there are many vacant residences in the said village of Owego and that property for residential purposes is not readily salable and that the village of Owego is overdeveloped as far as residential building is concerned.

*Ninth.* That plaintiff applied to the board of trustees of the defendant village to have her property removed from the restricted zone but that such application was denied. That upon plaintiff's application to have her said property removed from the restricted zone more than the required number of property owners in the district in which her property is situated and in adjoining districts joined in her application.

*Tenth.* That there have never been any restricted building areas or developments or any comprehensive or general plan of restricted building development in the said village of Owego.

*Eleventh.* That the value of plaintiff's said real estate as it stands and for residential purposes is not over $800, but that plaintiff has had an opportunity to sell said real estate for a gasoline station for at least $6,000, and desires to sell said property but that she is unable to do so on account of the restrictions imposed by said zoning ordinance.

*Twelfth.* That the plaintiff has been unable to find any purchaser for her premises for residential purposes at a price at which she can sell it for a gasoline service station.

*Thirteenth.* That immediately westerly of the tracks of the Cayuga Division of the Lackawanna Railroad, on a different street, which is a side street, in an area adjacent to District Eleven and which is unrestricted and within this unrestricted district are ten factories and other business places but these places as a rule do not face on the same street that the plaintiff's house fronts on. The restricted zones as laid out in the said ordinance, when it was adopted, extended largely to the corporate limits of the village of Owego.

*Fourteenth.* That upwards of twenty violations of the provisions of said ordinance were shown to exist, some have been created since the ordinance was adopted and others that were existing at the time the ordinance was enacted have been permitted to continue.

### CONCLUSIONS OF LAW.

*First.* That the ordinance of the defendant, The Village of Owego, known as article V of the charter and ordinances of the said defendant, The Village of Owego, and called " An Ordinance Relating to Building Zones within the Village of Owego, N. Y." adopted by the said defendant, the Village of Owego, on or about the 4th day of October, 1926, restricting the premises of the plaintiff, described in the complaint, to residential use exclusively, does not violate the provisions of the State and Federal Constitutions and it does not deprive the plaintiff of her property without due process of law and without compensation and is not confiscatory, arbitrary, unreasonable and is valid in reference to plaintiff's property.

*Second.* That said zoning ordinance restricting the use of plaintiff's property to residential use exclusively is a proper exercise of the police power and, hence, does not exceed the limits of the governmental power to restrict the character of the use of land and bears a substantial relation to the question of public health, safety, morals, and general welfare and to the purpose for which such ordinances may be adopted as specified in section 175 of the Village Law.

*Third.* That the defendant should have a judgment dismissing the plaintiff's complaint and declaring that the ordinance in question is reasonable and valid and that it does not impose unnecessary hardship upon the plaintiff and that said ordinance does not violate the Federal or the State Constitutions but is valid and effective for the purposes provided by section 175 of the Village Law.

*Fourth.* That judgment may be entered accordingly but without costs.

Judgment reversed, without costs.