Conway, Ch. J.
(dissenting). I concur with Judge Desmond. It seems to me that this is clearly a case where we must give heed to the separation of the powers of government. The City of Albany has been granted the power by section 30 of the Second Class Cities Law through its Common Council to enact ordinances for the preservation of good order, peace and health and for the safety and welfare of its inhabitants. It was empowered to enact the ordinance here under attack.
The Common Council through its committee made a finding of fact, recited in the ordinance.
The G-eneral City Law, granting specific powers to cities, provides in subdivision 13 of section 20: “To maintain order, enforce the laws, protect property and preserve and care for the safety, health, comfort and general welfare of the inhabitants of the city and visitors thereto; and for any of said purposes to regulate and license occupations and businesses.”
The use of public streets, the regulation of traffic and the protection from injury of young children are certainly proper subjects for the exercise of the police power. These are matters exclusively for legislative rather than judicial determination. “ The necessity and advisability of the ordinance is for the legislative power to determine. The presumption is in favor of the ordinance.” (City of Rochester v. Macauley-Fien Milling Co., 199 N. Y. 207, 211; see, also, Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 543-551; Good Humor Corp. v. City of New York, 290 N. Y. 312, 321-324.) We may not sit as a super-legislature — to weigh the wisdom of legislation. Legislators have constitutional authority to experiment with new techniques and they are entitled to their own standard of the *703 public welfare. (Day-Brite Lighting v. Missouri, 342 U. S. 421, 423; Daniel v. Family Ins. Co., 336 U. S. 220, 224; Carolene Prods. Co. v. United States, 323 U. S. 18, 31-32, where it was said: “ the methods which it [the legislative body] employs to carry out its purposes are beyond attack without a clear and convincing showing that there is no rational basis for the legislation; that it is an arbitrary fiat.”)
Fuld, Froessel and Burke, JJ., concur with Van Voorhis, J.; Desmond, J., dissents in an opinion in which Conway, Ch. J., and Dye, J., concur; Conway, Ch. J., dissents in an opinion in which Desmond and Dye, JJ., concur.
Judgment of Appellate Division reversed and that of Trial Term reinstated, with costs in this court and in the Appellate Division.