Arthur D. Brennan, J.
The plaintiffs, as the owners of a parcel of land located at the northwest corner of South Broadway and Franklin Street, Village of Tarrytown, N. Y., have instituted this action for a declaratory judgment to declare the zoning ordinance of the defendant village unconstitutional and void insofar as it restricts the use of their property to those uses allowed in a “ Residence C ” district thereby preventing them from putting it to any practical and reasonable use.
The subject property has a frontage of 136.3 feet on South Broadway (also known as the Albany Post Road) and 118.5 feet on Franklin Street. For more than 130 years, until July, 1955, it was used as a hotel (Florence Inn). From 1930 to 1950 a small portion of the property at the northerly end thereof was used as a gasoline station. In 1923, again in 1930 and again in 1944, zoning ordinances were adopted wherein the subject property was placed in a “ Residence C ” district which prohibited its use for any commercial business or purpose.
A few months prior to the time that the plaintiffs discontinued the use of the property as a hotel, the plaintiffs filed a petition with the Board of Trustees of the village for a change of zone of the property to a “ Business B ’ ’ district; the application was denied. In December of 1955, they filed a second petition for such change of zone; after a public hearing held thereon, the application was denied and this action was instituted.
The question now presented for determination is whether the zoning ordinance of the defendant village restricts plaintiffs’ property to purposes for which it cannot reasonably and practically be used and for which it is not adaptable or suitable.
At the outset, it is to be remembered that zoning is a legislative function and a zoning ordinance or an amendment thereto is presumed to be valid. The burden of proving the invalidity of a zoning ordinance or an amendment thereto is upon the party who assails its validity. That party must show by a fair preponderance of the credible evidence that the zoning determination of the legislative body was arbitrary, capricious or unreasonable. If the validity of the legislative classification for zoning purposes is fairly debatable, the judgment of the legislative body is conclusive and beyond interference by the courts. (Euclid v. Ambler Co., 272 U. S. 365, 388; Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121; Shepard v. Village of Skaneateles, 300 N. Y. 115, 118.)
At the suggestion and by stipulation of the attorneys for the parties, this court viewed the plaintiffs’ premises and the area involved. Several large maps have been received in evidence *7 showing the use of the properties in the surrounding area and the zoning of the properties along Broadway from the north to the south boundary lines of the defendant village.
The plaintiffs assert that to prohibit the use of their property for customary business uses, including a gasoline sales and service station, in the face of what has happened in the last 20 years to properties fronting or abutting on Broadway and especially during the last 10 years, is discrimination against this one piece of property. It is further asserted that properties to the north and south on both sides of Broadway are used for business.
While it is true that properties fronting on Broadway and located within one block south of Main Street, as well as properties fronting on Broadway and located within three blocks north of Main Street, are zoned and used for business, it is clear that Main Street (which runs generally in an east-west direction) is a business street and one of the most important thoroughfares in the village. It is also true that Broadway (Albany Post Road) is heavily trafficked, the same being a main thoroughfare.
However, property directly to the west of the subject property is also in the same residential zone and used for that purpose. Directly to the south there is a large parcel of land used for a public grammar and junior high school having an average attendance of 435 students. Directly to the north is a welfare home and next to that is the Episcopal Church, Directly to the east are private residences and the Baptist Church. There is a playground on the opposite corner. True it is that there have been many changes of zone of property from residence to business districts but not in the vicinity of the subject property. All of the property fronting on Broadway for a distance of approximately 4,250 feet running in a southerly direction from Elizabeth Street to the White Plains Road (with the exception of certain property used as a gasoline station, a shopping center and a bank on the northeast corner of Broadway and the White Plains Road) is zoned either in a “ Residence B ” or “ Residence C ” district; and except as stated, both sides of Broadway located within the said area are improved with numerous apartment buildings and multiple residences. The plaintiffs’ property is approximately 250 feet south of Elizabeth Street and, as heretofore stated, within that 250 feet are located the Episcopal Church and a welfare home.
The plaintiffs sought to prove that the value of their property as presently zoned is in the sum of $5,000, while if it were zoned in the “ Business B ” district they could sell the property for *8 the use of a gasoline service station for the sum of $65,000. As to such proof it may be observed that all zoning regulations may depreciate property values and that if a municipality should be required to zone property so as to produce the highest return for the owner, zoning would be reduced to an absurdity. It is this court’s view that such evidence does not establish that the ordinance is unreasonable. (Matter of Wulfsohn v. Burden, 241 N. Y. 288, 302; Brown v. Village of Owego, 260 App. Div. 328, affd. 284 N. Y. 655; Kraft v. Village of Hastings-on-Hudson, 258 App. Div. 1060, affd. 285 N. Y. 639; Osborne v. Village of East Hampton, 61 N. Y. S. 2d 142, affd. 271 App. Div. 837.)
In addition, the plaintiffs attempted to show by the testimony of a real estate expert that due to setback and side yard restrictions as provided in the ordinance, their property could not be used for a multiple dwelling or apartment house. This witness assumed erroneously that these setback and side yard restrictions limited the usable area of the property to 1,500 square feet which he stated would prevent the use of the property for any multiple dwelling construction, as such use would be economically unsound. However, the evidence produced by the defendants established that by adopting the Franklin Avenue frontage of the subject premises as the front yard (in which event a 25-foot setback would be required) rather than a front yard on Broadway (where a 60-foot setback is required) there was available an area of 4,162 square feet which is ample area for the construction of an apartment building. The evidence produced by the defendants demonstrated to this court’s satisfaction that the plaintiffs’ property is desirable and suitable for an apartment building with the front yard thereof on Franklin Avenue. On the other hand, the plaintiffs offered no convincing evidence upon which this court could find that such an apartment building would be unsuitable and unprofitable.
After a careful consideration of all of the evidence submitted and upon an examination of the well-prepared briefs by the able attorneys for the respective parties, this court concludes that the plaintiffs have failed to show by a fair preponderance of the credible evidence that their land could not reasonably and profitably be used in conformity with the zoning* resolution. Accordingly, the complaint is dismissed, but without costs.
The foregoing constitutes the decision of this court in accordance with the provisions of section 440 of the Civil Practice Act.
All exhibits may be obtained from the Clerk of Special Term, Part II. Settle judgment on notice.