OPINION OF THE COURT
Irving A. Green, J.
The plaintiff, claiming to be owner of a building situate within the Village of Mount Kisco with 16 or more apartments, has instituted this action against the village for declaratory judgment that the declaration of housing emergency passed by the board of trustees of the defendant village on November 19, 1979 is void and of no effect; and, further, for judgment enjoining the defendant from enforcing such resolution together with an award of attorney’s fees and costs to the plaintiff.
Both parties now move the court for summary judgment.
The plaintiff, upon these motions, contends that such declaration or resolution is void and of no effect upon the following grounds:
(1) The defendant failed to give reasonable notice to the landlords of the public hearing mandated by the applicable *663 statute; and, particularly, that a declaration under the statute would be confined to buildings containing 16 or more apartments.
(2) There was no finding as to any vacancy rate in apartment buildings with 16 or more apartments; only a general vacancy rate for all apartments in the village and there is no rational basis for distinguishing the class of apartments affected by the resolution.
(3) By virtue of State and local law of the village it is provided that no local ordinance is effective unless a notice of adoption is published or personally served upon the person to be charged with notice; and that the village neither published the adoption of the resolution or declaration nor served it personally upon the plaintiff or other landlords in the village. Thus, argues the plaintiff, the resolution never took effect.
Upon its cross motion for summary judgment, the defendant village disputes each of the plaintiff’s contentions. The defendant village further argues that the plaintiff has failed upon these motions to make a sufficient evidentiary showing to defeat the defendant’s cross motion for summary judgment dismissing the complaint.
It is, of course, basic that upon motions for summary judgment the parties are required to assemble and reveal their proofs to establish their entitlement to such relief. Further, the function of the court, upon such motions, is not issue determination but to find whether there exists sincere triable issues. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395; Esteve v Abad, 271 App Div 725.)
The subject resolution or declaration was enacted by the village as an exercise of the power delegated to it under the Emergency Tenant Protection Act of 1974 (ETPA) passed by the State Legislature. (L 1974, ch 576, § 4.)
The ETPA was enacted upon the finding by the Legislature, inter alia, that a serious public emergency continues to exist in the housing of a considerable number of persons in the State of New York with acute shortages of housing accommodations in many areas of the State; and that the act was necessary and designed to protect the public health, safety and general welfare. It was further provided *664 by the Legislature, in such act, that the policy expressed “shall be subject to determination of the existence of a public emergency requiring the regulation of residential rents within any * * * village by the local legislative body of such * * * village.” (ETPA, § 2.)
Section 3 of the ETPA provides in relevant part: “a. The existence of public emergency requiring the regulation of residential rents for all or any class * * * of housing accommodations * * * shall be a matter for local determination within each * * * village * * * A declaration of emergency, may be made as to any class of housing accommodations if the vacancy rate for the housing accommodations in such class within such municipality is not in excess of five percent and a declaration of emergency may be made as to all housing accommodations if the vacancy rate for the housing accommodations within such municipality is not in excess of five percent.”
Subdivision b of section 3 of the ETPA provides in pertinent part: “b. The local governing body of a city, town or village having declared an emergency pursuant to subdivision a of this section may at any time, on the basis of the supply of housing accommodations within such * * * village, the condition of such accommodations and the need for continued regulation and control of residential rents within such municipality, declare that the emergency is either wholly or partially abated * * * and thereby remove one or more classes of accommodations from regulation under this act.”
Subdivision c of section 3 of the ETPA provides in pertinent part: “c. No resolution declaring the existence or end of an emergency, as authorized by subdivisions a and b of this section, may be adopted except after public hearing held on not less than ten days public notice, as the local legislative body may reasonably provide.”
There is no dispute that public notice of the hearing was timely published as well as posted in several public places in the village. The notice was to the effect that the board of trustees would hold a public hearing to consider enactment of the Emergency Tenant Protection Act of 1974 by the Village of Mount Kisco; and that copies of the act were on file with the village clerk and could be examined by any interested person during office hours.
*665 This court finds such notice was sufficient to alert owners of buildings containing 16 or more apartments that they as, indeed, any other owners, might be constituted a class subject to the act; and such notice was sufficiently in compliance with the statutory mandate respecting notice. No sincere triable issue exists in that regard.
The resolution or declaration was bottomed, with respect to the vacancy factor, upon surveys of housing conditions conducted by the United States Department of Housing and Urban Development (HUD) for the period of 1970, 1975, 1976 and 1977. The applicability of the surveys is stated, in its report, to be for the period from 1979 to 1982. The year in which the estimates in the report were made is stated to be 1979. The surveys were made with respect to all housing stock in the village. The vacancy rate was fixed at 1.9%.
Thus, HUD established a vacancy rate factor of substantially less than 5% for all housing stock available in the village.
The plaintiff urges that reliance upon a vacancy rate fixed by the surveys made with respect to all of the housing stock in the village, without a survey restricted to buildings containing 16 or more housing units, may not serve as a valid predicate for invoking a declaration of emergency under the statute as to such buildings. Aside from this conclusory argument, the plaintiff has failed to make any sufficient evidentiary showing upon these motions that the vacancy rate fixed for all housing stock in the village by HUD does not apply to buildings containing 16 or more housing units. The declaration or resolution by the village exercising its authority pursuant to ETPA is a legislative act entitled to the presumption that at the time of its enactment there existed the facts necessary to sustain the validity of the enactment in the absence of evidence to the contrary. (City of Rochester v Macauley-Fein Milling Co., 199 NY 207; Seasons Realty Corp. v City of Yonkers, 80 Misc 2d 601, 603.) No such contrary evidence has been assembled or revealed by the plaintiff herein.
Further, a fair reading of subdivisions a and b of section 3 of the ETPA, together manifest a delegation of authority to the village to make a declaration of emergency as to all *666 housing accommodations if the vacancy rate within the municipality is not in excess of 5%, and having declared an emergency, to then declare that the emergency is partially abated and thereby remove one or more classes of accommodations from regulation under the act on the basis of criteria recited in the act (ETPA, § 3, subd b). The abatement of the emergency declaration as to buildings containing less than 16 housing units was within the delegated power of the village and finds sufficient, unrefuted support in the papers submitted upon these motions. The court, therefore, finds no sincere triable issue in such regard.
The court finds that the plaintiff has misplaced reliance upon the contention that any claimed failure by the village to publish notice of the adoption of the resolution or declaration or to serve same upon the affected property owners prevents the effectiveness of its enactment.
Such issue need not and is not reached by the court since the failure, if any, to so publish or serve, would not invalidate the enactment of the village but may only bear upon its enforceability as against an owner without notice.
Accordingly, the plaintiff’s motion for summary judgment in its favor is denied; the cross motion for summary judgment in favor of the defendant and against the plaintiff is granted.