CITY OF ALBANY, Plaintiff, *v.* HOLCOMBE ANTHONY, Defendant.

Supreme Court, Special Term, Albany County, July 9, 1940.

*Joseph J. Casey, Corporation Counsel [Ralph S. Leonard, Assistant Corporation Counsel,* of counsel], for the plaintiff.

*Woollard & Morris,* for the defendant.

MURRAY, J.   The plaintiff herein seeks a temporary injunction, pending the trial of its action for a permanent injunction, restraining the defendant from using the basements of premises owned by him in the city of Albany as apartments, in violation, as the plaintiff alleges, of the Zoning Law of the city of Albany.

The facts involved are apparently admitted by the parties, and the sole question to be decided is whether or not the ordinance, or that section of the ordinance upon which the city of Albany bases its complaint for a permanent injunction, and further seeks the intermediate relief of temporary injunction, is null and void, and beyond the power delegated to the city for the enactment of

such ordinances by subdivisions 24 and 25 of section 20 of the General City Law. The defendant further contends that assuming that the ordinance is authorized and in accordance with the statute such a statute would violate the State and Federal Constitutions, as a deprivation of property without due process of law. The defendant assumes this position, by his motion, seeking a dismissal of the complaint upon the ground that if fails to state facts sufficient to constitute a cause of action.

The complaint alleges, and for the purpose of decision as to the motion for its dismissal this court must assume such allegations to be true, that the defendant has been the owner of the premises known as 75 and 79 Winthrop avenue, in the city of Albany, N. Y., and that at the time he became owner thereof, these premises consisted of two apartment houses, having four apartments in each house; two on the first floor, and two on the second floor. It is further alleged that since the purchase of these premises by the defendant, he altered and reconstructed the houses by placing a living apartment in the basement of each house, and that both apartments are now occupied by families as such living quarters. It is further alleged, and apparently not disputed by the defendant, that he performed said alteration of the houses without any permit from the department of buildings of the city of Albany, and without any consent of the board of zoning appeals, the common council or any other agency of the city of Albany.

The defendant attacks particularly that sentence of section 10 of the Zoning Law of the city of Albany stating: " The area of no plot shall for the purposes of this section be deemed to extend more than one hundred feet back from its street front." The defendant specifically challenges this particular portion of the section because in the application of this mathematical formula to the plots of the defendant, inasmuch as each plot is only fifty feet in width and frontage, each plot consists of only five thousand square feet, an insufficient area under the ordinance to house five families. It is the reasoning of the defendant that in the enactment of this exact and precise method to restrict the density of population, the city of Albany has exceeded the power delegated to it by subdivision 24 of section 20 of the General City Law.

It is conceded by the defendant that the city of Albany had the right under this subdivision and section of the General City Law to regulate the number of families *per acre*, in accordance with the words to " regulate the density of population in any given area," but the defendant argues that the formula outlined above is clearly in excess of this power so delegated.

This court cannot agree with this construction of the enabling act as relied upon by the defendant. The words to " regulate the density of population in any given area " do not set forth any particular method of such regulation, but obviously confer a broad and unrestricted power upon each city to regulate such density in the reasonable exercise of its legislative power. The power to regulate is not directed to be exercised in conformance with acres, square yards or square feet, but it is only directed to areas, and if the method is not arbitrary or discriminatory and unreasonable it seems to be in conformance with the statute.

Furthermore, the sentence of subdivision 24 of section 20 of the General City Law stating that " Such regulations shall be designed to secure safety from fire and other dangers and to promote the public health and welfare," etc., clearly and forcibly demonstrates the intent of the Legislature to confer a broad police power upon every city in the enactment of such regulations and to allow the adoption of any method that will attain these ends in the legislative discretion and wisdom of each city. It is obvious that the method devised by the city of Albany does tend to regulate density of population, as in the present instance, and the method seems to have obtained this result for a considerable period of time, and to have been followed by other property owners in the district, and particularly by the prior owner of the property of the defendant. To this court, the method is simple, accurate, precise and impartial, and a proper procedure for the base of such regulation.

As to the argument that the statute and ordinance are confiscatory and unconstitutional there are not sufficient facts presented to waive aside the presumption of constitutionality to be accorded such legislation as set forth in the leading case, *Matter of Wulfsohn* v. *Burden* (241 N. Y. 288).

In this respect, the defendant cannot claim that this ordinance deprives him of a *beneficial use* of the property, but his only complaint is that he is deprived, in his opinion, of a *more beneficial use* of such property.

It is not an effective argument against these ordinances, if otherwise valid, that they limit the use and may depreciate the value of appellant's premises. That frequently is the effect of police regulation, and the general welfare of the public is superior in importance to the pecuniary profits of the individual. (*Matter of Wulfsohn* v. *Burden, supra; Spector* v. *Building Inspectors of Milton,* 250 Mass. 63, 70; 145 N. E. 265.)

In the authority relied upon by the defendant to sustain this contention (*Arverne Bay Construction Co.* v. *Thatcher,* 278 N. Y. 222, 232) the court therein stated: " An ordinance which *per-*

*manently* so restricts the use of property that it cannot be used for any reasonable purpose goes, it is plain, beyond regulation, and must be recognized as a taking of the property." It cannot seriously be argued that a similar situation exists as to the property of this defendant.

Therefore, because of the reasons outlined and in view of the peculiar position of the defendant caused by his own acts, this court, in its discretion, feels that an injunction should issue for the relief sought by the plaintiff pending the trial of the action. The motion of the defendant for a dismissal of the complaint is denied.

Submit orders accordingly.