ULMER PARK REALTY COMPANY, Appellant, *v.* CITY OF NEW YORK, Respondent.

Second Department, December 29, 1943.

*G. Burchard Smith* for appellant.

*Richard L. Baltimore, Jr.* (*Ignatius M. Wilkinson, Corporation Counsel; James Hall Prothero* with him on the brief), for respondent.

JOHNSTON, J.  Plaintiff is the owner of about twenty-three acres of vacant waterfront land in the Gravesend section of Brooklyn.  Under the present New York City Zoning Resolution, the greater part of plaintiff's land has been placed in a residence district and the remainder in a business district; consequently, plaintiff, in the use of its land, is limited to the uses permitted in such districts.

Claiming that the Zoning Resolution in its application to plaintiff's property is confiscatory in that it deprives plaintiff of the beneficial use thereof, that the Resolution does not bear any substantial relation to the public health, safety or welfare, and that plaintiff has no adequate remedy at law, plaintiff has instituted this action for a judgment declaring the Zoning Resolution void and unconstitutional as to its property.  For a separate and complete defense the city alleges, in substance, that plaintiff has not asked for a change of zoning as to its property.  Plaintiff moved to strike out this defense as insufficient in law.  The motion was denied and plaintiff appeals.

Strictly speaking, plaintiff is correct in urging that the only question presented by the defense is whether it is required, as a condition precedent to the maintenance of this action, to seek

an amendment of the Zoning Resolution, pursuant to the provisions of the New York City Charter (§§ 200, 201). But giving the defense the liberal construction to which all pleadings are entitled, it is sufficiently broad and general to include every manner or means by which a change in the Zoning Resolution, as applied to plaintiff's property, may be consummated. Obviously such a change may be consummated with equal effect by obtaining either an amendment or variance of the Zoning Resolution. Accordingly, both methods will be considered.

Under sections 200 and 201 of the City Charter the City Planning Commission, either originally or at the instance of a taxpayer, may adopt a resolution amending the Zoning Resolution; but the Planning Commission's amendatory resolution is in the nature of a recommendation, which is subject to the approval or disapproval of the Board of Estimate. (Cf. *Matter of Thomas* v. *Board of Standards and Appeals*, 263 App. Div. 352, 360, reversed on other grounds 290 N. Y. 109.) The power to determine finally whether the proposed change shall become effective resides in the Board of Estimate. (*McCabe* v. *City of New York,* 281 N. Y. 349, 353.) In this respect the new charter is the same as the old. (Cf. *People ex rel. Fordham M. R. Church* v. *Walsh,* 244 N. Y. 280, 289.) Hence, the making of any such change in the Zoning Resolution, while it may have its inception with the City Planning Commission as an administrative agency, is, when finally consummated, a legislative function performed by the Board of Estimate. (Cf. *Matter of Neddo* v. *Schrade,* 270 N. Y. 97; *Matter of Fisenne* v. *Bay Ridge Dist. Local Board,* 250 App. Div. 460.)

The city contends, in effect, that in order to attack the constitutionality of the Zoning Resolution — a legislative measure which, it is alleged, destroys the value of the property — plaintiff must first attempt to obtain relief by a legislative change of that act, and until it does so the present suit is premature. The courts have held, however, that such a burden may not be imposed upon a plaintiff as a prerequisite to the maintenance of an action challenging the constitutionality of a statute. (*Euclid* v. *Ambler Co.,* 272 U. S. 365, 370, 371, 386; *Municipal Gas Co.* v. *Public Service Comm.,* 225 N. Y. 89, 97; *Village of Saratoga Springs* v. *Saratoga Gas, etc., Co.,* 191 N. Y. 123.) Plaintiff is not required to seek an amendment of the Zoning Resolution.

Nor is plaintiff required first to seek a variance of the restrictive provisions of the Zoning Resolution. No such con-

dition precedent may be imposed when one attacks the Resolution in its entirety as applied to his property. In a case such as this the owner cannot be required to ask, as a special privilege, for a variance of the restriction. The restriction itself constitutes a present invasion of his property rights. (*Euclid* v. *Ambler Co., supra; Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 75; *Baddour* v. *City of Long Beach,* 279 N. Y. 167, 177; *Dowsey* v. *Village of Kensington,* 257 N. Y. 221, 226; *Brown* v. *Village of Owego,* 260 App. Div. 328, 332, affd. 284 N. Y. 655.)

The fundamental reason for permitting a suit in equity attacking the constitutionality of the Zoning Resolution or any statute is that no other adequate remedy is available. (*Southern Leasing Co.* v. *Ludwig,* 217 N. Y. 100, 103, 104.) As pointed out in the cases cited, an application for a variance is not available to plaintiff because apparently it does not desire to erect a structure to be devoted to a nonconforming use. Even if it were available it would be futile, because the Board of Standards and Appeals is powerless to grant a variance where the claim is, not that the owner is suffering a special or unique hardship as contrasted with other property owners in the same district, but that the Zoning Resolution is unreasonable in its application to the locality and confiscatory in its application to plaintiff's property. (Cf. *Matter of Otto* v. *Steinhilber, supra; Matter of Levy* v. *Bd. of Standards & Appeals,* 267 N. Y. 347, 354.)

Therefore, the defense that the action is premature, regardless of whether the defense be predicated on plaintiff's failure to seek a change of the Zoning Resolution through the medium of a legislative amendment by the Board of Estimate or through the medium of an administrative variance by the Board of Standards and Appeals, is insufficient and must be struck out.

The order, insofar as appealed from, should be reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the affirmative defense should be granted, with ten dollars costs.

Close, P. J., Carswell, Taylor and Lewis, JJ., concur.

Order, insofar as appealed from, reversed on the law, with ten dollars costs and disbursements, and the motion granted with ten dollars costs. [See *post,* p. 879.]