FLORENCE M. FRANKLIN et al., Individually and as Executors of JACOB WICKS, Deceased, et al., Respondents-Appellants, v. INCORPORATED VILLAGE OF FLORAL PARK, Appellant-Respondent.— Judgment declaring unconstitutional the building zone ordinance of the Village of Floral Park as applied to plaintiffs' land, reversed on the law and the facts, with costs, complaint dismissed on the law, and judgment declaring that the ordinance is valid is directed in favor of the Village on its counterclaim, with costs. In our opinion, in the light of the physical facts and the undisputed facts as to income, the evidence shows that plaintiffs are not being deprived of any substantial beneficial or profitable use of their land. Not considering the $1,500 income formerly received from the parcel leased as a gas station, plaintiffs now derive from their property an income of $1,560 per annum. Their only expense appears to be taxes of $750 per annum. This income may be considerably increased if the old buildings are improved. The present net income, capitalized at 5%, reflects a valuation of approximately $16,000. Plaintiffs have failed to overcome the presump-

tion of constitutionality. While many nonconforming uses exist in the area, many conforming uses also exist. Part of plaintiffs' land and other parcels on the turnpike, and all the land to the south, are devoted to conforming uses. At best, all that plaintiffs have shown is that they presently could make a more profitable or beneficial use of their property if permitted to erect the proposed garage along the entire turnpike front. Such a showing does not warrant a declaration that a building zone ordinance is confiscatory and unconstitutional. (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288, 302; *Arverne Bay Construction Co.* v. *Thatcher*, 278 N. Y. 222, 229, 233; *City of Albany* v. *Anthony*, 174 Misc. 470, 472, revd. on other grounds, 262 App. Div. 401; *Matter of Fox Meadow Estates, Inc.*, v. *Culley*, 233 App. Div. 250, affd. 261 N. Y. 506; *Brown* v. *Village of Owego*, 260 App. Div. 328, 333, affd. 284 N. Y. 655.) Though the gas station, because it has not been operated for more than a year, may have lost its status as a prior lawful use unaffected by the zone restrictions, the fair inference is that if the proposed garage be not erected the use of the gas station will be resumed — if not presently, then after the war — by a variance which the Village Zoning Board of Appeals, on a proper factual showing, may grant on the ground of unnecessary or special hardship not suffered by other property owners in the same area. Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ., concur.