In the Matter of FLORENCE BRAUNSDORF, Individually and as Executrix of and Trustee under the Will of GEORGE W. BRAUNSDORF, Deceased, Petitioner, against JOHN T. KELLEHER, as Superintendent of the Department of Housing and Buildings of the Borough of Queens, City of New York, Respondent.

Supreme Court, Special Term, Queens County, February 13, 1952.

*Florence Braunsdorf*, petitioner in person.

*Denis M. Hurley, Corporation Counsel (Arthur J. Goldsmith
and Samuel Mandell* of counsel), for respondent.

HALLINAN, J.   This is an article 78 proceeding in the nature
of mandamus to compel the issuance of a certificate of occu-
pancy, in which respondent, superintendent of the department
of housing and buildings of the Borough of Queens, has made a
" cross-motion " under subdivision 4 of section 1285, and sec-
tion 1293 of the Civil Practice Act to dismiss the petition on
the ground that petitioner has failed to exhaust her legal
remedies, namely, that she has failed to appeal to the board
of standards and appeals from the denial of her application for
a certificate.

Petitioner alleges that she is the executrix and trustee of
the estate of George W. Braunsdorf under his will admitted to
probate in 1947, and an owner of certain premises located on
the southwest corner of 59th Street and 37th Avenue in this
county.   When the plot in question was purchased in 1926 it
was located in an unrestricted district.   In March of that year
a permit was issued approving the erection of a one-story brick
building on that property.   Nine months later a certificate of

occupancy was issued, authorizing the use of the building as a "shop" for the manufacture of piano and organ supplies. While the building was being devoted to that use, more particularly, in April, 1927, the Zoning Resolution of the City of New York was amended and the district in which the aforesaid property was located was rezoned into a residence district. In 1929 petitioner's predecessor in title applied for and was granted a variance by the board of standards and appeals on the ground of hardship and, on June 2, 1930, a certificate of occupancy, authorizing use of the premises for the storage of more than five motor vehicles, was issued to him. The premises have been so used ever since although it appears from the petition that they are presently vacant.

On December 5, 1951, petitioner applied to the respondent for the issuance of a certificate of occupancy as follows: " to permit owners to rent building erected and used as factory on unrestricted property for factory, garage, storage-distribution." On December 13, 1951, respondent disapproved that application and rendered the following decision: " Proposed change in use from garage to factory, garage storage and distribution is contrary to Board of Standards and Appeals Resolution 729-29-BZ and Section 3, subdivision 9 of the Zoning Resolution, premises is [sic] located in a residence use district. Application not further considered." This proceeding followed.

The general rule is that " Mandamus will not issue where another remedy is available or provided by law." (*Matter of Towers Management Corp.* v. *Thatcher,* 271 N. Y. 94, 97.) True, resort to a municipal board to be exempted from the operation of an ordinance cannot be made a condition precedent to an attack upon it in the courts on the ground that said ordinance as applied to the property in question is unconstitutional. (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221; *Ulmer Park Realty Co.* v. *City of New York,* 267 App. Div. 291; *Vangellow* v. *City of Rochester,* 190 Misc. 128.) But a petition which purports so to challenge a zoning ordinance must state *facts* which entitle petitioner prima facie to relief. (*Matter of Felice* v. *Swezey,* 278 App. Div. 958.) No such statement is contained in the petition here involved.

The residence district in which petitioner's property is located runs (the directions are approximate) from the center of 58th and 59th Streets on 38th Avenue north almost to Broadway, then east to the center of 60th and 61st Streets, then south to 38th Avenue, then west to the point of beginning. Roughly, the area takes in about two square blocks. West of that residence

district to the east side of 58th Street and east of it to the west side of 61st Street are business districts; while west of 58th Street is unrestricted and east of 61st Street is a residence district.

Only two nonconforming uses, i.e., a poultry slaughterhouse and a garage, in addition to petitioner's garage, exist in the residence district in which her property is located. But, as the petition and the exhibits made a part thereof plainly show, many conforming uses also exist in that area. That all but three of the buildings devoted to a conforming use may have been in existence at the time the district was rezoned; that the three buildings which were built after the rezoning were built with knowledge that petitioner's property was not built for and could not be used as a residence; and that more residences may exist in a nearby area, zoned as an unrestricted district, than do in petitioner's district, are not facts which support her contention that the zoning resolution is unconstitutional as applied to her property.

Petitioner also alleges that her last tenant vacated on December 30, 1950, and that her building is presently vacant. She does not, however, allege or contend that it cannot reasonably be put to profitable use as a garage, as it has apparently been for more than twenty years. (Cf. *Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222, especially at 232.) The most that petitioner has shown is that she could use her property more profitably were she permitted to use it in the manner contemplated. Such a showing does not constitute a sufficient challenge to the constitutionality of a zoning ordinance (cf. *Franklin* v. *Incorporated Vil. of Floral Park*, 269 App. Div. 695, affd. 294 N. Y. 862), assuming that such a challenge may be made in a proceeding such as this (but see *Ulmer Park Realty Co.* v. *City of New York, supra,* p. 294).

It is also contended by petitioner that she has a vested right to use her building as a factory, as well as a garage, on the theory that there has never been an abandonment of that use. The answer thereto is clear. Petitioner alleges that she has the vested right to use the building as a " factory ", not merely " for use as a ' shop ' for the manufacture of piano and organ supplies, the business in which said owner was engaged ". Support for the conclusion that she contemplates using the building in a manner different from that in which it was originally used is contained in paragraph 24 of the petition. It is there alleged: " that the vacant building is depriving owners of an income from their property. One party seeking space for *manu-*

*facture* [emphasis petitioner's] of *syrup* [emphasis supplied] *and storage of trucks* [emphasis petitioner's]."

Obviously, use of the building for the manufacture of *syrup* is not the resumption of one for the manufacture of *piano and organ supplies*. Application for such a different nonconforming use must be made to the board of standards and appeals. (N. Y. City Zoning Resolution, § 7.)

Respondent contends that he had no alternative but to deny petitioner's application. This court agrees. (New York City Charter [1938], § 646, subd. g; cf. *Vangellow* v. *City of Rochester, supra,* p. 131.) Even if respondent had an alternative, but denied the application in the erroneous belief that he had not, petitioner, before making this or a similar application, was required to appeal to the board of appeals, which has the power " to make such order, requirement, decision or determination as in its opinion ought to be made in the premises, and to that end shall have the power of the officer from whose ruling the appeal is taken." (New York City Charter [1938], § 666, subd. 6.)

The motion to dismiss the petition is accordingly granted. Submit order on notice.