Burke, J.
The controversy hereby remanded for a determination of the material issues arises out of, and questions the validity of, the rezoning of real property owned by the plaintiff in the Village of Scarsdale. Plaintiff has, since 1922, continually occupied and used the premises (an interior plot of 3.4 acres) as a building supply yard in a business zone district of the Heathcote section of Scarsdale. However, in October of 1955, despite plaintiff’s written protest, the Board of Trustees of the village, via an amendment to the building zone ordinance, placed plaintiff’s entire tract in a unique and newly established Residence B District.
Plaintiff urges that the board’s enactment (in June of 1955, prior to the adoption of the zoning ordinance) of Local Law *328 No. 4 was void and unconstitutional. We agree with the courts below that, at the time of the commencement of the action herein, this error was effectively cured, and the question rendered moot (Strauss v. University of State of N. Y., 2 N Y 2d 464), because of the unanimous adoption, by the Board of Trustees, of the new Scars dale Village Code, which expressly repealed the former ordinances, but retained the same zoning restrictions by a re-enactment. (See ch. 1, art. 1, § 1-1-2; and ch. 12.)
On the trial plaintiff produced evidence which, it contends, demonstrates that the limitation and conditions imposed by the new zoning were intended to eliminate and impair the use and value of the property for any purpose whatever, other than its present nonconforming use. Plaintiff sought a declaratory judgment, therefore, that the rezoning of its property was over-burdensome, unreasonable and confiscatory, and, therefore, unconstitutional.
The trial court, although finding that plaintiff produced evidence which might be sufficient to prove that the property could not be practically or profitably used for residential purposes, dismissed the complaint stating, inter alia, that, because of the existence of a nonconforming use, there is no deprivation of property or justiciable controversy (citing Headley v. City of Rochester, 272 N. Y. 197).
It is our opinion that the trial court erred in failing to decide whether the alleged deliberate confiscation and alleged resulting depreciation in the value of plaintiff’s property, regardless of the existence of a nonconforming use, constitutes a present invasion on plaintiff’s property rights. If it does so, the existence and maintenance of the ordinance and the threat to continue it under these circumstances would entitle plaintiff to equitable relief. (Dowsey v. Village of Kensington, 257 N. Y. 221, 229; Euclid v. Ambler Co., 272 U. S. 365, 386.) The plaintiff, having asserted an invasion of his property rights, must be allowed (although a nonconforming business use exists) to try to prove that the property is so situated that it has no possibility for residential and zoned uses, and is most readily adapted to a use now precluded under the zoning ordinance. (Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493, 499.)
*329 The Headley case (supra), upon which the court below unduly relied, is quite distinguishable. In addition to the fact that it was not a zoning case, it was submitted on an agreed statement of facts which in no way indicated that the present value was diminished or that plaintiff was at all damaged. In that case, plaintiff brought an action to declare unconstitutional a street-widening ordinance, which, in order to alleviate future condemnation expenses, amended the official maps of the City of Rochester and thereby imposed a 25-foot setback on plaintiff’s lawn. This court affirmed the dismissal of the complaint upon a finding that plaintiff was not a party aggrieved. As explained in Vangellow v. City of Rochester (190 Misc. 128, 132-134), followed in S. S. Kresge Co. v. City of New York (275 App. Div. 1036), in the Headley situation no condition could be imposed requiring plaintiff to surrender the right to just compensation if and when the city should condemn the property. ‘' Therefore, when the Court of Appeals held that he was not an aggrieved party, it could not have meant that he was not affected, but rather that he was not damaged, for the reason, as the opinion indicates, that inability to build in that strip did not depreciate the value of his property as a whole, nor interfere with any use to which he intended in good faith to devote the said strip. In the language of the opinion, written by Judge Lehman, Headley’s property could be ‘ put to the most profitable use by the erection of a building which does not encroach upon the small portions which may be used hereafter to widen the street. ’ ” (Emphasis supplied.)
On the contrary, in the case at bar, not only is there no opportunity for condemnation compensation, but if there is evidence that the property cannot be reasonably adapted to any use permitted by the zoning ordinance, the ordinance may be found to be confiscatory. We do not agree that this wrong, i.e., invasion of plaintiff’s rights, can be held to be remediless merely because of the existence of a nonconforming use.
Defendant’s argument that there is an administrative remedy (i.e., application for a variance) which has not been but should be exhausted is without merit. It is well established that such a burden may not be imposed upon a plaintiff as a prerequisite to the maintenance of an action challenging the constitutionality of the zoning ordinance. (Ulmer Park Realty Co. v. City of *330 New York, 267 App. Div. 291, 293.) The Zoning Board does not have the power to review the discretion of the Board of Trustees (Dowsey v. Village of Kensington, supra, pp. 227-228; Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222) and thereby correct errors of judgment in zoning. (Matter of Otto v. Steinhilber, 282 N. Y. 71; Blatter of Levy v. Board of Standards & Appeals, 267 N. Y. 347.)
Here plaintiff does not seek to remedy the effect of a valid regulation, but rather to strike it as confiscatory and unconstitutional. In the latter situation, relief is afforded by means of a direct attack upon the terms of the ordinance (Matter of Otto v. Steinhilber, supra, p. 75). “Indeed, an application for a variance here * * * would be futile * * * since the Zoning Board of Appeals has no power to remake the zoning map under the guise of granting a variance [cases cited] ” (Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269, 273). Where, as here, the pleadings allege that the ordinance in and of itself destroys the marketability and value of the property for commercial and residential uses, an application for a variance is not a condition precedent to a judicial remedy. (Euclid v. Ambler Co., 272 U. S. 365, 386, supra.)
Accordingly, the judgment should be reversed and the case remitted to Special Term, with costs to abide the event, for a determination of the material issues presented by this record.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Foster concur.
Judgment reversed, etc.