■ ZOEPY MARIE, INC., et al., Appellants, v TOWN OF GREENBURGH, Respondent. — In a civil rights action pursuant to section 1983 of title 42 of the United States Code, *inter alia,* to declare certain sections of the defendant town's Sign and Illumination Law and Gasoline Service Station Law unconstitutional, plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered September 7, 1983, which denied their motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the action as premature upon the ground that plaintiffs failed to exhaust their administrative remedies. ¶ Judgment reversed, on the law, with costs, defendant's cross motion denied, complaint reinstated, plaintiffs' motion for summary judgment granted to the extent that it is declared that section 43A-3 (subd C, par [2]; subd D, par [7], cl [c]) of the town's Sign and Illumination Law and section 20A-8 (subd B, par [3]) of the town's Gasoline Service Station Law are unconstitutional as applied to plaintiffs, insofar as said statutes limit the advertising of the price of gasoline on signs which are otherwise permitted by the town's laws to a price sign atop the gasoline pumps, motion otherwise denied, and matter remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith. ¶ Plaintiffs are two gasoline stations which advertised the price and grade of gasoline available, and the availability of diesel fuel, on signs placed at the stations. The use of these signs was in violation of defendant's Gasoline Service Station Law and Sign and Illumination Law. These laws prohibit off-pump price advertising, and regulate the content, location, and number of signs which may be used for advertising. When the signs were not removed after warnings were given by town employees that the signs were in violation of the statutes in issue, criminal summonses were issued against plaintiffs. The instant declaratory judgment action ensued. ¶ We note at the outset that plaintiffs were not required to exhaust their administrative remedies by seeking variances before commencing the instant action. They are not claiming that the statutes in issue are creating a unique hardship for them so as to justify the granting of a variance. Rather than asking for the relaxation of an assumedly valid regulation, plaintiffs are asserting that they are entitled to a declaration of the

unconstitutionality of the statutes because as applied to them the statutes improperly restrict their freedom of speech. Under these circumstances, they are entitled to make a direct attack upon these statutes (*Scarsdale Supply Co. v Village of Scarsdale*, 8 NY2d 325; *Levitt v Incorporated Vil. of Sands Point*, 6 NY2d 269; *Hyde v Incorporated Vil. of Baxter Estates*, 2 AD2d 889, affd 3 NY2d 873; *Ulmer Park Realty Co. v City of New York*, 267 App Div 291, mot for lv to app den 267 App Div 879). Accordingly, defendants' cross motion for summary judgment should have been denied. Insofar as restrictions have been placed on the advertising of gasoline prices, the record fails to raise triable issues of fact regarding the aesthetic need for the regulations, the availability of alternate marketing techniques, or the need to control deceptive advertising (*People v Mobil Oil Corp.*, 48 NY2d 192, 201-202). The restrictions placed by these statutes on the dissemination of truthful commercial speech are violative of plaintiffs' rights under the First Amendment to the United States Constitution because they restrict speech solely on the basis of content (*People v Mobil Oil Corp., supra*). Accordingly, plaintiffs are entitled to the relief indicated. ¶ We remit the matter to the Supreme Court, Westchester County, for further proceedings with respect to the other issues raised in the complaint regarding, *inter alia,* the validity of the laws in issue insofar as they regulate the number and location of advertising signs. Upon the resolution of these remaining issues, the court will also be able to properly pass upon plaintiffs' request for counsel fees pursuant to section 1988 of title 42 of the United States Code. Thompson, J. P., Weinstein, Brown and Eiber, JJ., concur.