■ KEVIN GRAY-EAST COAST AUTO BODY, Appellant, v VILLAGE OF NYACK, Respondent.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered December 7, 1989 in Rockland County, which granted

defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff operates a repair business located in the Village of Nyack, Rockland County, known as East Coast Auto Body. At the time plaintiff commenced operations, there was a sign on the roof of the building where the business was located that read "Car Service & Center". The sign existed as a nonconforming sign under defendant's local Village Code and when plaintiff altered the sign to read "East Coast Auto Body" with the company logo, defendant's Building Inspector filed an information alleging that plaintiff violated a section of the Village Code that prohibited altering the message on a nonconforming sign (see, Village of Nyack Code § 59-25 [N] [1]). While the matter was pending, plaintiff commenced the instant action pursuant to 42 USC § 1983 challenging the constitutionality of defendant's application of the Village Code to plaintiff and seeking, *inter alia,* a judgment permanently enjoining defendant from interfering with plaintiff's display of the sign. Defendant answered and moved to dismiss the complaint for failing to state a cause of action. Supreme Court granted the motion and this appeal followed.

We reverse. The parties do not dispute that the sign itself constitutes a lawful nonconforming sign, the use of which was rightfully conveyed to plaintiff when the business was established (see, *Matter of Putnam Armonk v Town of Southeast,* 52 AD2d 10, 14). At issue is defendant's prohibition of any change to the nonconforming sign's message. The local law at issue reads, specifically, "[a] nonconforming sign may not be enlarged and *the message may not be altered"* (Village of Nyack Code § 59-25 [N] [1] [emphasis supplied]).

In our view plaintiff has sufficiently alleged a prima facie case that the restriction placed on the sign by defendant's zoning ordinance violates his 1st Amendment right of free speech (see, *Zoepy Marie, Inc. v Town of Greenburgh,* 103 AD2d 776, 777). Plaintiff has alleged that, as applied to him, the ordinance impermissibly prohibits the alteration of the sign based solely on its content (see, *People v Mobil Oil Corp.,* 48 NY2d 192, 200-202). No other alteration is at issue here as plaintiff has simply changed the name on the sign to reflect the current owner of the business. Generally, absent a showing that the predominant purpose of the ordinance is not to control the content of the message (see, e.g., *Town of Islip v Caviglia,* 73 NY2d 544, 552), such truthful commercial speech may not be prohibited on the basis of its content alone (see, *People v Mobil Oil Corp., supra; Zoepy Marie, Inc. v Town of*

*Greenburgh, supra; Town of Smithtown v Commack Gas & Washateria,* 108 Misc 2d 887, 889). Accordingly, plaintiff's complaint was improperly dismissed.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Casey, Weiss, Crew III, and Harvey, JJ., concur.