OPINION OF THE COURT
Per Curiam.
We agree, essentially for reasons stated in the decision of Ellen M. Coin, J., at Criminal Court (People v Professional Truck Leasing Sys., 185 Misc 2d 734, 736-740), that New York City Traffic Rules (34 RCNY) § 4-12 (j) is not violative of the First Amendment. The traffic rule, which prohibits certain classes of vehicles from displaying commercial advertising other than “[advertising notices relating to the business for which a vehicle is used” (34 RCNY 4-12 [j] [1]), is narrowly drawn to further the stated and substantial governmental interests of improving traffic safety and alleviating traffic congestion, and thus remains within First Amendment bounds (see, Central Hudson Gas & Elec. Corp. v Public Serv. Commn. of N.Y., 447 US 557). The language used by the Court of Appeals from the Eleventh Circuit in upholding a parallel Florida ordinance restricting vehicular commercial advertising is equally applicable here:
“In this case, [New York City] has not attempted to prohibit any advertising that offers no threat to traffic safety or aesthetic improvement: each advertising vehicle * * * contributes to the problem. The ordinance doe's not completely suppress information, either. Businesses are free to convey information to the consuming public in [the city] through a variety of means, including buses and taxis. They may also use their own vehicles to advertise so long as the vehicles are primarily used for some other purpose. In short, the city has partially regulated the manner in which information may be conveyed without speaking to the *808 content of that information.” (Supersign of Boca Raton v City of Fort Lauderdale, 766 F2d 1528, 1532.)
Similarly unavailing is defendant’s assertion that Traffic Rules § 4-12 (j) is unconstitutionally vague. The rule provides sufficient warning of the conduct proscribed — vehicular “commercial advertising” — and is not written in a manner that encourages arbitrary or discriminatory enforcement (see, Grayned v City of Rockford, 408 US 104, 108-109; United States v Harriss, 347 US 612, 617; People v Nelson, 69 NY2d 302, 307; People v Smith, 44 NY2d 613, 618). That the rule does not expressly define the term “commercial” does not render it void for vagueness, since the line between commercial speech and noncommercial speech is clearly demarcated by a quartér century of United States Supreme Court precedent (see, e.g., Virginia State Bd. of Pharm. v Virginia Citizens Consumer Council, 425 US 748, 762; City of Cincinnati v Discovery Network, 507 US 410, 422; Lorillard Tobacco Co. v Reilly, 533 US 525, 553-555). “Although an occasional marginal case might arise raising the question of whether on the particular facts the definition of commercial speech would be correct, such an infrequent possibility should not in itself justify a generalized charge that the [rule] itself is vague, given the guidance afforded by court decisions in the area.” (Children of the Rosary v City of Phoenix, 154 F3d 972, 983 [9th Cir], cert denied 526 US 1131, quoted in Infinity Outdoor v City of New York, 165 F Supp 2d 403, 424 [ED NY].) Shown to have owned and leased for hire a cargoless, four-foot wide truck or “moving billboard” transporting nothing else but a “big” advertisement for a job recruitment computer Web site unrelated to its own truck leasing business, defendant stands convicted on the basis of conduct that plainly falls within the ambit of the traffic rule here under scrutiny. Thus, “any element of vagueness in this [rule] has had no effect on this defendant * * * and [it has] no standing to complain of it” (People v Nelson, supra, 69 NY2d at 308).
Parness, P.J., Davis and Suarez, JJ., concur.